MONROE BOYCE v. THE STATE.

No. 2364. Decided January 29, 1902.
Motion for Rehearing Decided February 19, 1902.

**1.—New Trial—Newly Discovered Testimony.**

On a trial for aggravated assault, where defendant pleaded "guilty," and moreover was fully identified by the prosecutor as the party who committed the assault upon him, a motion for new trial, for newly discovered evidence to prove that defendant was not the party who committed the assault, was properly refused.

ON MOTION FOR REHEARING.

**2.—Practice on Appeal—Rehearing—Mistake as to an Immaterial Fact.**

The fact that this court on appeal, in its original opinion, stated that de-

fendant withdrew his plea of not guilty and entered a plea of guilty, when in fact his counsel withdrew the plea of not guilty and entered the plea of guilty for him, is immaterial and no ground for a rehearing where it was made to appear that defendant was present in court at the time and that his counsel acted for him in the matter.

3.—Same.

The fact that this court, on appeal, in its opinion, stated that after a "second consultation" with his attorneys the plea of not guilty was withdrawn, when in fact there was but one consultation between defendant and his attorneys before the plea was withdrawn, is immaterial and constitutes no ground for a rehearing.

Appeal from the County Court of Hunt. Tried below before Hon. R. D. Thompson, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The information charged appellant with an aggravated assault with a stick, a deadly weapon, and the infliction of serious bodily injury upon one Charley Flanders, on the 26th day of August, 1901. The case is sufficiently stated in the opinion.

*Huffar; Nichols & Rollins,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of an aggravated assault, and fined $25. When the case was called for trial, he entered a plea of not guilty. Evidence was introduced in behalf of the State, followed by witnesses for defendant, including himself. After defendant was excused from the witness stand and consulted with his attorneys, he was recalled as a witness, and further testified that certain portions of his prior statements were false; that he was in South Greenville directly after the assault was committed upon Flanders, whereas in his prior statement he stated he was not at that point. He was again excused as a witness, and had further consultation with has attorneys. At the conclusion of the second consultation, he withdrew the plea of not guilty, and entered a plea of guilty. The judgment recites that defendant pleaded guilty. The court verbally instructed the jury to find defendant guilty, which they did, assessing his fine at $25. Appellant filed a motion for new trial, setting up newly discovered testimony of two witnesses who stated they were cognizant of the fact that appellant was not the party who made the assault upon Flanders, but that it was made by one Dan Wright. The court refused to grant a new trial, and appeal was prosecuted. This action of the court is assigned as error. The State fully sustained the allegations of the indictment that defendant was the party who committed the assault. The assaulted party, Flanders, identified defendant as the man who struck him, and gave the facts connected with his knowledge and acquaintanceship with appellant. In addition to this, appellant pleaded guilty. Under this character of case,

we do not believe the motion for new trial should have been granted. The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment was affirmed, and the cause now comes before us on motion for rehearing.

In the first ground of his motion, appellant contends the court erred in using this language in the original opinion: "He was again excused as a witness, and had further consultation with his attorneys. At the conclusion of the second consultation he withdrew the plea of not guilty, and entered a plea of guilty." It is contended there is no evidence in the record that appellant withdrew his plea of not guilty, and none that he entered a plea of guilty; and he further contends there is nothing in the record to show that appellant had a second consultation with his attorneys, and that the court erred in finding as a fact that appellant pleaded guilty in the court below. The judgment in regard to the plea of guilty is as follows: "On this day this cause being called for trial, came the parties and announced, 'ready for trial.' The defendant enters his plea of guilty. Thereupon came a jury of good and lawful men," etc. Defendant testified in his own behalf, and, after being cross-examined by the State, the record recites the following: "The witness was here excused. After consultation between defendant and counsel, defendant took the stand again, and testified that he had not told the truth when he said he went directly to Emiline Hill's after the fuss; that it was a fact that he was out on South Hill late that night, and that he saw old man Henry and John Henry at a certain house and was with them from about 11 o'clock on for a long time; that it was true that he slept at Emiline Hill's that night; that, when he saw old man Henry and John Henry, they told him the officers were hunting him for striking Flanders; that it was not true, as stated by him, that the first time he heard he was accused of this crime was when the section men told him next morning. * * * Witness excused. Defendant's counsel then stated to the court that they withdrew their plea of not guilty, which had been previously entered, and now entered a plea of guilty, and begged the mercy of the court and jury. No more evidence was introduced. The rest of the witnesses were discharged. The court instructed the jury orally that they should find defendant guilty, on his plea of guilty of aggravated assault, and fix his punishment; telling them what the penalty was. When the defendant withdrew his plea of not guilty and pleaded guilty the county attorney and counsel for defendant tried to agree on the amount of penalty to be assessed. Failing to reach a satisfactory agreement, they made the agreement that, inasmuch as the jury were there, we would let them retire and fix the penalty, and the county attorney would not suggest any amount, but would permit counsel for defendant to ask

for the lowest fine.   This agreement was explained to the court and jury, and the jury returned a verdict assessing the penalty without further evidence or instruction."   It is placed beyond any question, if this record be true, that counsel for appellant did withdraw the plea of not guilty and enter the plea of guilty.   It is also certain, if the recitation in the judgment is true, that a plea of guilty was entered.   The following language would seem to indicate that perhaps defendant himself withdrew his plea of not guilty, to wit:   "When the defendant withdrew his plea of not guilty and pleaded guilty, the county attorney and counsel for defendant tried to agree on the amount of the penalty to be assessed," etc.   But be that as it may, defendant was in court, his counsel were acting for him in open court, there was some discussion between counsel as to the penalty, about which they failed to agree, and the jury were left to settle that matter.   Whether, critically speaking, the original opinion was correct in stating that appellant in person withdrew his plea of not guilty and entered the plea of guilty, it is substantially correct, and the criticism is rather hypercritical.   Now, as to the statement in the original opinion that this plea of not guilty was withdrawn and the plea of guilty entered after the second consultation with his attorneys, we would say that perhaps the exact language of the record stated would hardly bear this statement, but it is a matter of small moment whether or not counsel consulted with their client.   The whole thing transpired in open court and occupied some minutes of discussion and preliminary arrangement before it was finally submitted to the jury to fix the amount of the punishment under the plea of guilty.   Perhaps it would have been more in consonance with the record not to have used the expression "second consultation," but we regarded it then, as now, of no practical importance.   The facts, as disclosed by the excerpt of the record, show that appellant testified, was excused, was again placed upon the stand as a witness, and testified that portions of his former testimony were false, going into the detail of the matter to some extent, and was again excused; and that the attorneys for appellant then withdrew the plea of not guilty and entered his plea of guilty.   In order that the record and the opinion may be in literal consonance with each other, we have reviewed these matters so that there can be no question as to what transpired with reference to the matter about which the motion for rehearing is filed.

The motion for rehearing is overruled.

*Motion overruled.*